UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 23-CR-46-KKC

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                               **PLEA AGREEMENT**

JADYN R. SLEET                                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), the Defendant will enter a conditional guilty plea to the sole Count of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon. The Defendant reserves the right to appeal the District Court's denial of his pretrial motion to dismiss which found that disarming individuals who are a threat to public safety or are dangerous is within the history and tradition of the Second Amendment, and that Defendant's prior convictions were a serious and direct threat to public safety. (DE #18.) If he prevails on the appeal of the denial of his pretrial motion, he may then withdraw his guilty plea. The Defendant agrees to the forfeiture of all items listed in the Forfeiture Allegation.

2. The essential elements of the sole Count of the Indictment are:

    (a) That the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year;

    (b) That the Defendant, following the conviction, knowingly possessed a firearm; and

      (c)    That the firearm crossed a state line prior to the alleged possession.

3.    As to the sole Count, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

      (a)    Beginning in November 2022, officers with the Scott County Sheriff's Office began an investigation into the possible drug trafficking activity of a group in the Colony area of Georgetown. During the investigation, officers identified a vehicle, a 2013 Ford Fusion, coming and going from the residence.

      (b)    On November 24, 2022, a traffic stop was conducted of the Ford Fusion due to cancelled vehicle registration. Jadyn Sleet was a passenger in the vehicle. Based upon the information known to officers through the investigation, a narcotics canine was presented to the vehicle and alerted on the vehicle. During a search of the vehicle, officers located a firearm under the passenger seat where Sleet was seated. Sleet was interviewed and admitted that someone had gifted him the firearm.

      (c)    ATF identified the firearm as a Glock, Model 30, .45 caliber pistol, bearing serial number BWWWE970. ATF also determined that the firearm had been manufactured outside the Commonwealth of Kentucky and had therefore traveled through interstate commerce prior to Sleet's possession.

      (d)    Sleet knew he had a conviction for Wanton Endangerment First Degree, a crime punishable by imprisonment of more than 12 months, from the Fayette Circuit Court, case number 21-CR-293, in March 2022.

4.    The statutory punishment for the sole Count is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

    (c)    Pursuant to U.S.S.G. § 2K2.1(a)(6)(A), the base offense level is 14 because the Defendant was a prohibited person at the time of the offense.

    (d)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. With the exception of the Defendant's right to appeal the District Court's denial of his pretrial motion to dismiss which found that disarming individuals who are a threat to public safety or are dangerous is within the history and tradition of the Second Amendment, and that Defendant's prior convictions were a serious and direct threat to public safety, the Defendant waives the right to appeal the guilty plea and conviction. The

Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment. The Defendant waives all provisions in Rule 32.2 pertaining to the timing of entry of forfeiture orders.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or

affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/22/2023    By: *signature*
Cynthia T. Rieker
Assistant United States Attorney

Date: 9-21-23    *signature*
Jadyn R. Sleet
Defendant

Date: 9-21-23    *signature*
Charles Gore
Attorney for Defendant

7